OPINION. Black, Judge: There are three questions presented as follows: Did the petitioners erroneously include $33,950 in gross community income in 1948? Did petitioners erroneously fail to claim $8,154.87 as a part of their community adjusted basis in the stock of Wil-Tex Oil Corporation upon computing their gain from the sale of said stock in 1948 ? If the $33,950 is properly includible in petitioners’ community income for 1948, should the $33,950 be treated as additional long-term capital gain received on the sale of petitioners’ stock in Wil-Tex Oil Corporation rather than as ordinary income ? Whether petitioners realized taxable dividend income of $33,950 arising from the cancellation of a debt in 1948 turns on whether the entries made on the books of Wilson and Wil-Tex Oil Corporation in 1947, setting up the account of $42,104.87 owed by Wilson to Wil-Tex, were erroneous and did not represent the actual transaction. This account was subsequently reduced to $33,950 when Wilson transferred to Wil-Tex Oil Corporation a building and warehouse in which he had an equity, and some cash. Petitioners contend that there was no valid account payable in 1947 and in fact they realized capital gains income in 1947. Respondent contends that the bookkeeping entry properly reflected an account payable in 1947 to Wil-Tex Oil Corporation and that petitioners realized taxable income in 1948 upon the cancellation of the indebtedness by Wil-Tex Oil Corporation. Book entries are presumed to be correct unless sufficient evidence is adduced to overcome the presumption. National Contracting Co., 25 B. T. A. 407, 413, affd. on appeal of other issues, 69 F. 2d 252. In the instant case, petitioners seek to have the book entries in question ignored with the explanation that Wilson did not intend to pay the amount of $42,104.87 to Wil-Tex Oil Corporation, "and the indebtedness was set up because Nankin did not know what else to do with this figure which represented a difference between the amount of the assets transferred by "Wilson and the indebtedness assumed by "Wil-Tex Oil Corporation. Contrariwise, the record shows that Wilson consulted a law firm which prepared all of the legal documents connected with the acquisition, the subsequent dissolution of W. R. R. Oil Company, and the transfer of assets by Wilson to Wil-Tex Oil Corporation. It shews that Rankin, who was general manager for Wilson and secretary-treasurer of Wil-Tex Oil Corporation, supervised both sets of books, personally preparing the entries in question and that he had had many years of experience in keeping both corporate and individual books. During the years that Rankin was employed by Wilson, the latter’s operations involved millions of dollars. Rankin worked with a firm of certified public accountants in connection with the transactions in question. A member of this firm, who was also a certified public accountant, prepared the Federal income tax returns of Wilson for the year 1948, which reported dividend income in the amount of $33,950, and of Wil-Tex Oil Corporation for the fiscal year ending February 29, 1948, which reported a dividend paid by Wil-Tex Oil Corporation in the amount of $33,950. By setting up the account payable in 1947, petitioners thereby avoided capital gains tax in 1947 and from a tax standpoint this was advantageous. Wilson was dealing with a corporation he controlled. Now, when it turns out that due to subsequent events the total tax consequences would have been less had a capital gains tax been paid in 1947 because of 1948 ordinary income taxes, Wilson cannot rearrange the transactions by declaring that he did not intend the 1947 indebtedness he created to be valid. We conclude that when Wilson’s account payable to Wil-Tex Oil Corporation was set up in 1947, the transaction was intended to represent a valid indebtedness. We hold that the amount of $42,104.87 was a valid obligation running from Wilson to Wil-Tex Oil Corporation, later reduced to the amount of $33,950. The $33,950 became income to Wilson in the year 1948 upon outright cancellation by the corporation. Wilson was entirely solvent and good for the debt. See Commissioner v. Jacobson. 336 U. S. 28. Petitioners do not contend- that if the indebtedness was valid and canceled that income did not arise from the cancellation. In view of our holding above, petitioners concede that they have no ground for claiming $8,154.87 as part of the adjusted basis of the stock before computing the gain in 1948. The last question to decide is whether the income realized in 1948, as a result of the cancellation of the indebtedness, was a capital gain or ordinary income. Respondent determined it was a dividend and ordinary income. Petitioners contend that in substance and effect the transaction increased the consideration they received for selling their stock in Wil-Tex Oil Corporation to Panhandle Producing and Refining Company. All the Wil-Tex Oil Corporation stock was sold for $2,288,170.06 on April 8, 1948. Of the total 2,500 shares petitioners owned 2,458 shares. The journal entries canceling the $33,950 indebtedness were made under date of January 31, 1948. There is no showing that this amount was.ever again placed on the books of Wil-Tex Oil Corporation or that Wilson ever paid his indebtedness to Wil-Tex Oil Corporation. The obligation was effectively canceled prior to the sale and formed no part of the sale price of the stock. In order for this amount to be taxable as long-term capital gain, it would have had to have been included in the computation of the sale price of petitioners’ stock in Wil-Tex Oil Corporation to Panhandle Producing and Refining Company. There is no showing that this amount ever entered into the computations. On petitioners’ 1948 tax returns the sale price was reported as $2,288,170.06, minus $38,441.26 representing the 42 shares of stock held by others, and no mention was made of the $33,950 debt. We conclude that the cancellation of the $33,950 debt was not part of the consideration received for the sale of stock and respondent’s determination that it is a dividend taxed as ordinary income is sustained. Decisions will l>e entered for the respondent.